# Exhibit G

# Fact Sheet
## Honda's Early Warning Report Audit & NHTSA Special Order

**Origin of Honda's Third Party Audit**

In September 2014, Honda commissioned a third-party audit of its TREAD Act reporting (also known as Early Warning Reports, or EWRs) to the National Highway Traffic Safety Administration (NHTSA) after certain discrepancies in reporting had been identified.

**NHTSA Special Order**

Once Honda received preliminary findings from the third-party audit, it requested a meeting with NHTSA, and on October 17, 2014 briefed NHTSA on the matter. On November 3, 2014, NHTSA issued a Special Order to Honda requesting information related to Honda's EWRs, and Honda submitted responsive information to NHTSA on November 24, 2014.

**TREAD Act Requirements**

The heart of the TREAD Act is an Early Warning Reporting obligation, which requires vehicle manufacturers on a quarterly basis to report a wide variety of information that could indicate a potential safety defect. This information includes a report on any death or injury incident that is known to Honda from a written claim or a written notice containing any allegations that injury or death may have been caused by or related to a possible defect. These claims are received by manufacturers from customers, their representatives or other sources. Death and Injury EWRs to NHTSA are required to include certain specified information about the incidents.  Oral claims and notices of death or injury do not carry the same reporting requirements.

The TREAD Act also requires manufacturers to provide aggregate information about warranty claims it has paid, property damage claims (regardless of whether paid or denied), customer complaints (oral and written) and field reports.  Certain field reports are required to be provided in hard copy, as well.

For complete details on the TREAD Act, please visit the NHTSA website.

**Key Findings of Honda's Third-Party Audit**

Honda's third-party audit has identified that it did not report to NHTSA a total of 1729 written claims or notices concerning injuries or deaths over the period of July 1, 2003, through June 30, 2014. Our review to date indicates that these were inadvertent data entry and computer programming errors.  Additionally, the audit found a delay between the time that Honda first became aware of possible discrepancies in its TREAD reporting and the full investigation and reporting of the issue. More detailed background regarding these issues follows:

1. <u>Data Entry Errors</u>:  In entering injury and death claims into the company's database Honda often did not enter a date in the "written claim received" field.  The computer program used to generate Honda's Early Warning Reports requires completion of that field in order to distinguish reportable written claims and notices from non-reportable oral claims for relief. Therefore, those written claims and notices that were input without a "written claim received" date were automatically omitted from Honda's Early Warning Reports.

2. <u>Coding Error</u>:  Early Warning Reports are required to identify the particular component involved in the injury or death claims being reported using a series of NHTSA component codes.  Historically, Honda maintained a more exhaustive series of its own component/defect sub-codes to track incoming claims.  However, the EWR computer program was not set up properly at the outset, and did not properly map all of Honda's internal sub-codes to a NHTSA code.  Therefore, when generating its Early Warning Reports, Honda's computer program included only those written injury and death claims or notices that mapped to a NHTSA component code – thus underreporting claims.

3. <u>Narrow Regulatory Interpretation</u>:  Honda used an overly narrow interpretation of what constituted a "written notice" under the TREAD Act. Using this narrow interpretation, Honda did not consider third-party documentation that the company obtained through its associates or consultants as reportable. For example, police reports obtained by Honda or information from private investigators hired by the company, were not considered a "notice received by the manufacturer" – and thus did not trigger an EWR report.

**Other key issues reported in Honda's response to the Special Order from NHTSA:**

The TREAD Act requires manufacturers to report, by number, the warranty and property damage claims received from customers or their representatives.  In reviewing its reporting of these areas, Honda determined that regular warranty claims were properly reported to the NHTSA.  However, certain special warranty claims, including "good will" warranty, and extended warranties for certified pre-owned vehicles and under 3rd party service contracts were not properly reported.

Further, instead of reporting all property damage claims, as required, Honda was reporting only property damage claims that it had denied, while those claims that it accepted and paid to customers were improperly included in the count of warranty claims.  The net result is that Honda over-reported these as warranty claims and under-reported property damage claims.

This mis-reporting is a result of inaccurate regulatory interpretation and programming errors at the time that Honda's TREAD reporting was established.

**Corrective Actions**

In order to ensure such errors do not happen again, Honda has begun to take a number of steps that address the issues raised in the third-party audit and in Honda's review in compliance with the NHTSA Special Order. These include:

- Honda has already corrected the computer programming issue and mapped the complete universe of Honda's codes to corresponding NHTSA component codes.
- Honda will voluntarily include both written and oral claims of injuries or death in all future Early Warning Reports.
- Honda will implement full training regarding the data entry process, including refresher training with detailed written guidelines.
- Honda is in the process of enhancing its oversight of the Early Warning reporting process.
- Honda will make organizational and staffing level changes in the functional areas responsible for its Early Warning reporting.
- Honda will reprogram warranty and property claims to the EWR reporting system so that all warranty claims are included, and property damage reports will be included whether they are paid or denied.

**A Note on the Issue of Takata Airbag Inflator Ruptures**

The third-party audit of Honda's TREAD Act reporting represents an analysis of written claims reported by Honda to NHTSA since the TREAD Act took effect on July 1, 2003, compared to the total universe of written claims the company received over that time period.

While the audit captured claims related to Takata airbags, it represents a separate and distinct matter from NHTSA's current Takata airbag inflator rupture investigation. Even though eight Takata airbag inflator ruptures were not included in Honda's TREAD report, NHTSA was aware of all these ruptures either through notification by Honda or through NHTSA's own records.

Of the 1729 written claims and notices Honda did not report to NHTSA via EWRs, eight involved Takata airbag inflator ruptures (0.5 %). Importantly, all eight Takata-related written claims, including the one fatality and seven other injury claims, were disclosed to NHTSA in detail by other means. Six of these claims, including one fatality, were reported to the NHTSA with complete information in September 2009. Regarding the other two injury claims, a 2009 incident was reported in 2011, while another claim in 2013 was reported to Honda by NHTSA and was not placed in Honda's subsequent quarterly TREAD report in error.

Regarding the one fatality from the rupture of a Takata airbag inflator that Honda did not include as an EWR, Honda was notified of this May 27, 2009 incident in writing on July 2, 2009. According to the TREAD Act, Honda should have reported this death as an EWR by the end of November. As previously acknowledged, while the company did not

issue this EWR, Honda provided NHTSA with all relevant information about the incident on September 19, 2009, more than two months before the report was due.

**Timeline of TREAD ACT Reporting Errors:**

A Honda associate first recognized an issue related to the recording of a verbal date code in the legal file management system in 2011 and believed that it could have affected the accuracy of the EWR reports; however, apparently, there was no follow-up.  The NHTSA made Honda aware of its  under-reporting EWRs in early January 2012.  Honda began looking into the issue at that time, but did not take conclusive action.  Honda began a third-party audit to determine the full extent of its under-reporting in September 2014, and first notified NHTSA of the discrepancies in Honda's Early Warning Reporting in October 2014.  Honda acknowledges that it lacked the urgency needed to correct its problems on a timely basis.

# # #